USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/27/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHAIM BABAD and CONGREGATION KAHAL MINCHAS CHURCH,

        Defendants-Appellants,

-against-

45 JOHN LOFTS, LLC,

        Plaintiff-Appellee.

1:23-cv-5357 (MKV)

**ORDER**

MARY KAY VYSKOCIL, United States District Judge:

    Defendants have moved for a stay of the Bankruptcy Court's order entered on November 2, 2023 (the "Bankruptcy Turnover Order") pending appeal. *See* Motion to Stay Pending Appeal [ECF No. 12]. Defendants rely on both Bankruptcy Rule of Procedure 8007 and Federal Rule of Civil Procedure 62(b). *See* Memorandum of Law in Support 3–5 [ECF No. 16] ("Def Mem.").

    Under Rule 62(b), "a party may obtain a stay by providing a bond or other security" at "any time after judgment is entered." The stay "takes effect when the Court approves the bond or other security." Fed. R. Civ. P. 62(b). That is to say, the appellant is entitled to a stay ***as a matter of right*** upon receiving judicial approval of the bond. *See Georgiev v. ADSAD, LLC*, No. 19-cv-122, 2021 WL 3159853, at *1 (S.D.N.Y. June 21, 2021) (citing *Cohen v. Metro. Life Ins. Co.*, 334 F. App'x 375, 378 (2d Cir. 2009)). Courts have found funds restrained in a bank account to be a valid form of security under FRCP 62(b). *Georgiev*, 2021 WL 3159853, at *1–2. Under Rule 62(b), the stay remains in effect for the time specified in the bond. *See* Fed. R. Civ. P. 62(b).

    Plaintiff appears to agree that Defendants are entitled to a stay that would take effect <u>if</u> Defendants post a bond or other security approved by the Court. *See* Letter [ECF No. 17]. Defendants represent that they "are ready to provide the bond amount that this Court deems

appropriate." Def. Mem. 5. Defendants further represent that "Plaintiff has proposed that the . . . bond should be no less than $2,600,000." Def. Mem. 5.

Given the history of this case, the Court declines to exercise its discretion under Bankruptcy Rule 8007 to issue a stay pending appeal. *See In re Anderson*, 560 B.R. 84, 88–89 (S.D.N.Y. 2016).

Accordingly, Defendants' motion is DENIED without prejudice. Defendants may renew their motion upon proof of a $3 million bond. If Defendants are able to secure a $3 million bond, Defendants are directed to file proof on the docket. The Court will thereafter enter a stay.

The Clerk of Court is respectfully requested to terminate ECF No. 12. The show cause hearing previously scheduled for December 1, 2023 is ADJOURNED *sine die*.

**SO ORDERED.**

Date: November 27, 2023
      New York, NY

*[signature: Mary Kay Vyskocil]*

**MARY KAY VYSKOCIL**
**United States District Judge**