*Kombol Law Group, P.C.*
340 Atlantic Avenue, Brooklyn, NY 11201
Tel. 646.382.4228

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/28/2023

Honorable Mary Kay Vyskocil
United States District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Chaim Babad, et al., v. 45 John Lofts, LLC*
            Case No. 23-cv-5357 (MKV)

Dear Judge Vyskocil:

      We represent the defendants-appellants Chaim Babad and Congregation Kahal Minchas Chinuch ("Appellants"), and write to request clarification of the Order, entered yesterday, denying without prejudice the Appellants' motion for a stay pending appeal [ECF doc. 20], and to briefly respond to the letter submitted by Eric Snyder, Esq., counsel for the plaintiff-appellee 45 John Lofts, LLC (the "Debtor" or "Appellee").  The Order terminated a temporary stay granted in the Order to Show Cause dated November 20, 2023 [ECF doc. 18] and the hearing that was scheduled for Friday, December 1.

      The Order states: "Under Rule 62(b), 'a party may obtain a stay by providing a bond or other security' at 'any time after judgment is entered.' The stay 'takes effect when the Court approves the bond or other security.' Fed. R. Civ. P. 62(b).  That is to say, the appellant is entitled to a stay ***as a matter of right*** upon receiving judicial approval of the bond. …" (emphasis in original), and that "[c]ourts have found funds restrained in a bank account to be a valid form of security under FRCP 62(b)."  The Order then provides: "Defendants may renew their motion upon proof of a $3 million bond.  If Defendants are able to secure a $3 million bond, Defendants are directed to file proof on the docket.  The Court will thereafter enter a stay."

      The Appellees seek clarity of whether a $3 million appeal bond is the only security the Court will accept before entering the stay, or whether, consistent with the language of FRCP 62(b) and case law the Appellees may rely on funds of the Congregation in the amount of $2,341,194.76 currently restrained by Flagstar Bank, N.A. (*see* Exhibit 1), *provided that* the Appellees deposit an additional $658,805.24 into a secure account to bring the total cash collateral to $3 million.  The Appellees are prepared to do either immediately and file proof on the docket.

      Turning to Mr. Snyder's letter, it appears to be an informal motion for the Court to reconsider and vacate the Order to the extent the Court is prepared to grant the stay under FRCP 62(b) once the security is in place.  The Court was quite clear in the Order that it would grant the stay under Rule 62(b) and declined to enter a discretionary stay under Bankruptcy Rule 8007.  The Debtor argues, nonetheless, that Appellants must still satisfy the standards of Bankruptcy Rule 8007 to obtain a stay, and points to alleged hardship that the Debtor's equity holders will suffer if they have to wait any more time to be paid.

      This is a particularly misplaced fact for this Court to consider.  Seven years after the Debtor filed for chapter 11, it has still not proposed, much less confirmed a plan of reorganization, yet the bankruptcy case docket reflects that the Debtor has paid all of its creditors and has obtained approval twice from the Bankruptcy Court to make distributions to equity.  This Debtor does not belong in chapter 11, and the failure to confirm a plan is cause for the case to be dismissed.  *See* 11 U.S.C. § 1112(b)(4)(J).  The Appellants will be filing a motion to dismiss the bankruptcy case which, if granted, could reinstate the transfer to the Congregation that was avoided and vacate the judgment that is the subject of the pending appeal.  *See* 11 U.S.C. §§ 349(b)(1)(B) and (b)(2).  It would be particularly egregious if the Debtor were able to execute on its judgment and obtain turnover of the restrained funds under these circumstances before all of the extant issues are resolved.  An appeal bond or cash collateral will protect all parties in interest.

      The Appellees will procure either a $3 million appeal bond as reflected in the Order, or if permitted, supplement the restrained funds to bring the total cash security to $3 million.  We therefore respectfully ask that Appellee's request to reconsider and vacate the Order be denied.

      Thank you for your consideration.

      Respectfully,

      Brendan C. Kombol

Cc:  All Parties via ECF

---

**The Court will entertain a renewed motion to stay upon Defendants-Appellants' procurement of a $3 million appeal bond.  The Clerk of Court is respectfully requested to terminate docket entry number 22.  SO ORDERED.**

Date: 11/28/2023
New York, New York

*Mary Kay Vyskocil*
Mary Kay Vyskocil
United States District Judge