UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHAIM BABAD and CONGREGATION KAHAL MINCHAS CHURCH,

                Defendants-Appellants,

-against-

45 JOHN LOFTS, LLC,

                Plaintiff-Appellee.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/4/2024

1:23-cv-5357 (MKV)

**ORDER GRANTING DEFENDANTS-APPELLANTS' MOTION TO STAY**

MARY KAY VYSKOCIL, United States District Judge:

        The Court is in receipt of Defendants-Appellants' fourth motion to stay enforcement of the Bankruptcy Court's order entered on November 2, 2023 (the "Bankruptcy Turnover Order"), a Judgment and Order entered in favor of Plaintiff-Appellee against the Defendants-Appellants dated June 2, 2023, and the related memorandum of decision dated April 14, 2023, pending appeal of the Turnover Order and appeal of the Decision and Judgment. [ECF No. 29.] For the reasons discussed below, Defendants-Appellants' motion for a stay pending the appeals is GRANTED.

        The Court received Defendants-Appellants' *first* motion to stay enforcement of the aforementioned Orders on November 20, 2023 [ECF No. 12], which relied on both Bankruptcy Rule of Procedure 8007 and Federal Rule of Civil Procedure 62(b) as grounds for a stay.[1]

---

[1] Plaintiff-Appellee argues that "simply posting a bond is insufficient to obtain a stay" and that Defendants-Appellants are also required to satisfy the four-prong test under Bankruptcy Rule 8007 to obtain a stay from this Court. [ECF No. 35.] Plaintiff-Appellee cites only non-binding authority (most of which are out of Circuit) for this position. In fact, Plaintiff-Appellee mischaracterizes the one Southern District of New York case on which it relies (Plaintiff-Appellee erroneously cites *Sprague v. T.C. Inn*, 2021 WL 4901494 (N.D.N.Y. Oct. 21, 2021), as a Southern District of New York case). In *U.S. Commodity Futures Trading Commission v. eFloorTrade, LLC*, while the court briefly acknowledged in a footnote that there is some conflicting authority "as to whether a stay of a monetary judgment requires the movant to satisfy the traditional stay factors . . . in addition to Rule 62's requirements, or whether satisfaction of Rule 62's requirements is alone sufficient," the court ultimately did not address the issue because defendants in that case had not satisfied the Rule 62 requirements. 2020 WL 2216660, at *9 n.12 (S.D.N.Y. May 7, 2020). Notwithstanding, Plaintiff-Appellee concedes that the decision as to whether or not to grant a stay of an order pending appeal under Bankruptcy Rule 8007 lies within the discretion of the district court. [ECF No. 35.]

*See* Memorandum of Law in Support 3–5 [ECF No. 16] ("Def. Mem."). Plaintiff-Appellee opposed the motion. [ECF No. 17.]

Under Rule 62(b) of the Federal Rules of Civil Procedure, "a party may obtain a stay [of execution of a judgment] by providing a bond or other security" at "any time after judgment is entered." The stay "takes effect when the Court approves the bond or other security." Fed. R. Civ. P. 62(b). That is to say, the appellant is entitled to a stay **as a matter of right** upon receiving judicial approval of the bond. *See Georgiev v. ADSAD, LLC*, No. 19-cv-122, 2021 WL 3159853, at *1 (S.D.N.Y. June 21, 2021) (citing *Cohen v. Metro. Life Ins. Co.*, 334 F. App'x 375, 378 (2d Cir. 2009)). Courts routinely have found funds restrained in a bank account to be a valid form of security under Rule 62(b). *Id.* at *1–2. Under Rule 62(b), the stay remains in effect for the time specified in the bond. *See* Fed. R. Civ. P. 62(b).

In Defendants-Appellants' November 20 motion, they represented that they "are ready to provide the bond amount that this Court deems appropriate." Def. Mem. 5. Defendants-Appellants further represented that "Plaintiff has proposed that the . . . bond should be no less than $2,600,000." Def. Mem. 5. In Plaintiff-Appellee's opposition letter, it **implicitly conceded** that Defendants-Appellants would be entitled to a stay that would take effect <u>if</u> Defendants-Appellants posted a bond or other security approved by the Court. *See* Letter [ECF No. 17].

Accordingly, the Court denied Defendants-Appellants' November 20 motion *without* prejudice, granting leave for Defendants-Appellants to "renew their motion upon proof of a $3 million bond." [ECF No. 20.] The Court further ordered that "[i]f Defendants are able to secure a $3 million bond, Defendants are directed to file proof on the docket" and "the Court will thereafter enter a stay." [ECF No. 20.] On November 30, 2023, Defendants-Appellants filed a renewed motion to stay, accompanied by proof of an appeal bond in the amount of $3 million, naming both Defendants-Appellants as principals. [*See* ECF No. 29.] Plaintiff-Appellee opposed

2

the motion. [ECF No. 35.] Defendants-Appellants replied [ECF No. 36], and Plaintiff-Appellee filed a surreply [ECF No. 39].

Upon careful consideration of Defendants-Appellants' renewed motion and the materials filed in support and in opposition, the Court GRANTS Defendants-Appellants' motion to stay pending appeal, exercising its discretion under both Rule 62(b) and Bankruptcy Rule 8007. In doing so, the Court emphasizes that Plaintiff-Appellee will not be prejudiced or harmed by the stay pending appeal because it is reasonably protected by the $3 million bond obtained by Defendants-Appellants. Thus, if Plaintiff-Appellee ultimately prevails on the merits on appeal, the bond is readily available to satisfy the money judgment owed to Plaintiff-Appellee.

The Clerk of Court is respectfully requested to terminate the motion pending at docket entry number 29.

**SO ORDERED.**

**Date:  January 4, 2024**
**New York, NY**

*Mary Kay Vyskocil*
**MARY KAY VYSKOCIL**
**United States District Judge**